Nat H. Hehtel, J.
In this non jury trial, plaintiff seeks to recover a diamond engagement ring valued by him at $1,350, which was given by him to the defendant at the time of their engagement to be married. He also seeks to recover six other items of jewelry which were given by him to defendant at various times during the courtship; and also he seeks recovery of eight wedding gifts received by both parties originating from plaintiff’s parents, relatives and friends. Also, involved in this action is the recovery sought by the plaintiff of one half of a joint savings account opened by the parties in the Flushing Savings Bank into which certain savings of, and cash gifts to, the parties were deposited. Defendant has counterclaimed but the court will first dispose of the plaintiff’s cause of action before determining the counterclaim.
The proof at the trial establishes that the engagement was terminated prior to marriage. The engagement occurred on or *128 about August 6,1969, and was broken on or about February 17, 1970. Further, the court finds that the plaintiff has failed to sustain his burden of proving that the engagement was broken and terminated by mutual consent.
Applying the rationale of Cohen v. Bayside Fed. Sav. & Loan Assn. (62 Misc 2d 738, 741) which holds that (a) where a fiancee breaks an engagement without fault of the donor of the engagement ring, she must return the ring; (b) where the donor of the engagement ring breaks the engagement, the ring may be kept by the donee; and (c) where the engagement is broken by mutual consent, the engagement ring goes back to the donor. The court finds that plaintiff broke off the engagement against the wishes of the defendant, and, accordingly, defendant is entitled to retain the said ring. (Also, see, Goldstein v. Rosenthal, 56 Misc 2d 311.)
Regarding the other items of jewelry claimed by plaintiff in paragraph 3 of his complaint, the court finds that they were given and delivered by plaintiff to defendant as gifts on her birthday or for other holiday or representative occasions, and accordingly, are not cloaked with the law surrounding the giving of an engagement ring. Being completed and delivered gifts, plaintiff cannot now be allowed to recover them from his former fiancee. Defendant is entitled to retain those items of jewelry as her property. (See Lowe v. Quinn, 32 A D 2d 269, 276-271), where it is said: “ The essential element which distinguishes the action for recovery of a ring given in contemplation of marriage from other actions for the return of other gifts the delivery of which has been completed is the breach by the donee of the contract to marry. ’ ’
However, with respect to item “ g” of paragraph 3 of the complaint — “ 1 man’s and 1 lady’s matching gold wedding bands, set with garnets,” the court directs defendant to return the said wedding bands to the plaintiff and he is awarded judgment as to same. Such a gift was predicated upon the parties entering into marriage, at which time the rings would become the symbols of their troth. Since this did not happen, despite who broke off the engagement, the court cannot see any logic in allowing the defendant to retain such unhappy souvenirs of an event which was never consummated. See section 80-b of the Civil Rights Law which does not bar a right of action for the recovery of a chattel when the sole consideration for its transfer was a contemplated marriage which has not occurred.
As to items “ a, b, c, d, e, f, g and h ” of paragraph 4 of the complaint, plaintiff has sustained the burden of his proof that these wedding gifts came from his parents, relatives or friends of his parents and, accordingly, he is entitled to have them *129 returned to him by the defendant. Defendant is directed to return same to him forthwith, or reasonable replacements thereof, or the cash value of same.
The proof establishes that there was $340.36 in the joint savings account of the parties at the time of the termination of the engagement and that the defendant withdrew this sum on February 27, 1970. The proof further shows that of this sum $70 was contributed by the plaintiff or his relatives and friends and that $190 was contributed by the defendant and her relatives and friends; and that there was a deposit of $76.74 whose source is unknown, plus $3.62 in interest. As to these latter two items, the court holds the parties are equally entitled to them, and accordingly, the joint bank account proceeds are to be distributed as follows: $110.18 to the plaintiff and $230.18 to the defendant, and judgment is awarded accordingly.
Now, to dispose of the defendant’s counterclaim. Defendant seeks to recover a gold pocket watch and chain she allegedly gave to plaintiff during their engagement and she claims it was an engagement gift. The court finds that these items of jewelry are not of the same ilk as an engagement ring, which is the accepted and traditional symbol between a man and a woman of their intention to marry. If defendant gave to plaintiff a gold watch and chain to express her happiness at her engagement and her love for and esteem of her fiance, it was a completed gift with no “ strings attached,” and just as he cannot recover the terms of jewelry he claims in this action, so cannot she recover the gold watch and chain. As to the Hitachi FM-AM stereo radio and receiver with two speakers given by defendant to plaintiff, the court finds that it was given only for plaintiff’s temporary use and was not a gift, and, accordingly, directs that it be returned by plaintiff to defendant whose property it is.
Anent the $350 deposit for the purchase of a bedroom set with the Vanleigh Furniture Company in February, 1970, the plaintiff claims his parents paid the entire deposit for which they have received full credit, whereas the defendant claims she advanced $175 of the total deposit in cash and now counterclaims for the return of this sum. Defendant has not shown satisfactory evidence to the court of the source of these funds, a receipt for same, or any Vanleigh Furniture Company records, or employee testimony concerning same. It is her word against that of the plaintiff, to the point where both stories are counterbalancing each other. Under the circumstances, the court holds that defendant has failed to sustain her burden in proving this part of her counterclaim, and, accordingly dismisses same.
Judgment on the complaint and counterclaim accordingly.